1  Dieter C. Dammeier, SBN: 188759
   Michael A. Morguess SBN 192838
2  **LACKIE & DAMMEIER APC**
   367 N. Euclid Avenue
3  Upland, CA 91786
   Telephone (909) 985-4003
4  Facsimile: (909) 985-3299
   morguess@policeattorney.com
5
   Attorney for Plaintiffs
6  MICHAEL MOYNIHAN

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11 MICHAEL MOYNIHAN, SABINE O'      ) Case No.:
   BALDEN; MICHAEL KIRK; SCOTT      )   C 06 7071
12 STEIN; COREY YEH; TIMOTHY        ) **COMPLAINT**
13 TIERNAN; MIKE DAY; ROBERT        )
   MILLER; STEPHEN SILVESTRICK;     )
14 JAMES KUCHARSZKY; RICHARD        )
15 GERING; JONATHAN BAXTER; JASON   )
   WATROUS; RYAN TOBY; JOHN         )
16 HARRINGTON; ANNETTE              )
17 HOBRUCKER-PFEIFER; ARAM          )
   MARAVILLAS; DAVID SMILER; JACK   )
18 TAYLOR; NATE SZUTU; MIKE RUBIN;  )
19 ROBERT MILICI; ERIK BROWN; PAUL  )
20 PIANCONE; SEAN BONETTI; MICHAEL  )
   FUCCIOLO; DAVID NEWMAN; SCOTT    )
21 SANDINE; JAMES MACDONELL;        )
22 STEVEN ARDIGO; WESLEY LEMBERG;   )
23 DOMINIC SHANLEY; ROBERT KISHI;   )
   ALVIN LAU; RAYMOND CHAVEZ; G.D.  )
24 MCFARLAND; ROCK L. PLICHCIK;     )
25 JAMES FERRANTE; STUART BEACH;    )
   MARTIN SPALKA; KEITH PHILLIPS;   )
26 NICOLETTE DIVECCHIO; LORI        )
27 CLETHEN; CHASE WILSON; GUY       )
   GOODWIN; MATT LAME; STEVE        )
28 WOMBACHER; CRAIG JOHNSON; KJEIL  )

**COMPLAINT**
1

FILED NOV 14 2006 RICHARD W. WIEKING CLERK, U.S. DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA   E-Filing   ORIGINAL

| | |
|---|---|
| HARSHMAN; FRED SALAN; DANIEL FLEMING; ELISABETH JENSEN; JAMES BEEM; JARED KUNKEL; GINA TROIANI; KRISTINA NELSON; ROBERT JONES II; CHRISTOPHER OLSEN; JEANINE NICHOLSON; HELEN HORVATH; BRENT MARKS; CARLTON BISCEVIC; And Others Similarly Situated,<br><br>  Plaintiffs,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA, A Municipal Corporation,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Plaintiffs, by their attorneys, Lackie and Dammeier APC, complaining of the Defendant, respectfully allege as follows:

1. Plaintiffs bring this action to recover unpaid overtime compensation and other relief under the provisions of the Fair Labor Standards Act of 1938, as amended [29 U.S.C. §§201-219; and for a declaratory judgment under 29 U.S.C. §§2201 and 2202].

2. It is anticipated that approximately 120 unnamed plaintiffs will join the case at which time each plaintiff will file a consent to join with the Court. These other plaintiffs are other employees similarly situated and employed by Defendant during the three years prior to the filing of this case.

3. Jurisdiction of this action is conferred upon this Court by 29 U.S.C. §216(b) and by 29 U.S.C. §1337.

4. Venue of this action is established in this Court by 29 U.S.C. §216(b). Venue is also established pursuant to 28 U.S.C. §1391(b).

5.  Plaintiffs are each employees of the Defendant CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA, located in the Northern District of California.

6.  The Defendant in this action is the CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA, which is within the City and County of San Francisco in the Northern District of California.

7.  The Plaintiffs are each employees who were at all relevant times employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. § 203(s). More specifically, the Plaintiffs are or were "paramedics" employed by the CITY AND COUNTY OF SAN FRANCISCO.

8.  At all times material herein, the Plaintiffs have been entitled to the rights, protections and benefits provided under the FLSA.

9.  The Defendant CITY AND COUNTY OF SAN FRANCISCO, CALIFORNIA, is an employer as defined by 29 U.S.C. § 203(d) and a public agency within 29 U.S.C. § 203(x). Upon information and belief, the Defendant at all relevant times has been aware of the provisions of the FLSA.

10.  The Defendant is an enterprise, as defined by 29 U.S.C. §203(r).

11.  Employees covered under the Act are entitled to overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked in excess of the maximum hours provided in 29 U.S.C. §207.

12.  The Plaintiffs each have, during the applicable statutory time periods, worked in excess of the statutory maximum number of hours provided for in 29 U.S.C. §207, without receiving compensation for such excess hours at a rate of one and one-half times the regular rate at which they were employed. Specifically, the Defendant has paid and continues to pay the Plaintiffs based on their erroneous classification of the Plaintiffs as employees engaged in fire protection activities under 29 U.S.C. §207(k) and 29 C.F.R. Part 553.

13. Defendant has therefore violated 29 U.S.C. §207. Such violations are redressable by each Plaintiff as an affected employee under 29 U.S.C. § 216(b).

14. Defendant is liable to each Plaintiff in the amount of his/her unpaid or underpaid compensation and an additional equal amount as liquidated damages, and for reasonable attorney fees, together with the cost and disbursements of this action.

15. On information and belief, the failure by Defendant to properly pay compensation owed to each Plaintiff is a knowing, willful or reckless violation of 29 U.S.C. § 207 within the meaning of 29 U.S.C. § 255(a).

16. Therefore, each Plaintiff is entitled to the unpaid compensation and liquidated damages owed to him/her and other relief available under the Act, beginning three years immediately preceding the commencement of this action, as provided by 29 U.S.C. §§ 216(b) and 255.

17. The employment and work records for the Plaintiffs are in the exclusive possession, custody and control of the Defendant, and Plaintiffs are unable to state precisely at this time the exact amounts owing to them. The Defendant is under a duty imposed by 29 U.S.C. § 211(c) and the regulations of the United States Department of Labor to maintain and preserve payroll and other employment records with respect to each Plaintiff from which some of the amounts of Defendant's liability can be ascertained.

**PRAYER FOR RELIEF**

WHEREFORE, each Plaintiff requests from the Court the following relief:

(a) a declaratory judgment declaring that the Defendant has willfully, recklessly, and wrongfully violated its statutory and legal obligations, and deprived the Plaintiff of his/her rights, protections and entitlements under federal law, as alleged herein;

(b) an order for a complete and accurate accounting of all the compensation to which each Plaintiff is entitled;

1  (c) judgment against the Defendant awarding each Plaintiff monetary
2  damages in the form of back pay compensation, liquidated damages equal to
3  his/her unpaid compensation, plus pre- and post-judgment interest;
4  (d) reasonable attorney's fees; and
5  (e) the costs and disbursements of this action together with such and
6  further relief as the Court deems proper.

8  Dated: November 13, 2006          Respectfully submitted,
9                                    LACKIE & DAMMEIER APC

13                                   _____
                                     Michael A. Morguess
14                                   Attorneys for Plaintiffs
                                     MICHAEL MOYNIHAN, ET AL.

**COMPLAINT**
5