DENNIS J. HERRERA, State Bar #139669
City Attorney
ELIZABETH SALVESON, State Bar #83788
Chief Labor Attorney
MARGARET W. BAUMGARTNER, State Bar #151762
Deputy City Attorney
Fox Plaza
1390 Market Street, 5th Floor
San Francisco, California 94102-5408
Telephone: (415) 554-3859
Facsimile: (415) 554-4248
E-Mail: margaret.baumgartner@sfgov.org

Attorneys For Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MOYNIHAN, et al., | Case No. C 06 - 7071 SI |
| Plaintiffs, | STIPULATED PROTECTIVE ORDER |
| vs. | |
| CITY AND COUNTY OF SAN FRANCISCO ,CALIFORNIA, A Municipal Corporation, | |
| Defendants. | |

**STIPULATION**

## I. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

The parties therefore STIPULATE as follows:

## II. DEFINITIONS

**1. Party**: Any party to this action, including all of its officers, directors, employees, investigators, consultants, and retained experts.

**2. Disclosure or Discovery Materials**: All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, electronically stored information, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

**3. "Confidential" Materials**: Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Rule 26(c) of the Federal Rules of Civil Procedure.

**4. "Highly Confidential – Attorneys' Eyes Only" Materials**: Extremely sensitive "Confidential Materials" that could not be avoided by less restrictive means.

**5. Receiving Party**: A Party that receives Disclosure or Discovery Material from a Producing Party.

      **6.**    **Producing Party**: A Party or non-party that produces Disclosure or Discovery Material in this action.

      **7.**    **Designating Party**: A Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential — Attorneys' Eyes Only."

      **8.**    **Protected Material**: Any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only."

      **9.**    **Counsel**: The San Francisco City Attorney's Office, Lackie & Dammeier, or any other counsel retained by the parties, a well as their support staff.

      **10**.    **Witnesses' Counsel:** Any and all counsel representing witnesses in this litigation as well as their support staff.

      **11.**    **Expert**: A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or the Party's Counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

      **12.**    **Professional Vendors**: Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

### III. SCOPE OF STIPULATION

The protections conferred by this Stipulation and Order cover not only Confidential and/or Protected Material (as defined above), but also any information copied or extracted there from, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Confidential and/or Protected Material.

### IV. DESIGNATING PROTECTED MATERIALS

      1.    <u>Designation:</u> Any party may designate documents, files, records or other information as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The

1 designation of documents, files, records or other information as "CONFIDENTIAL" or as
2 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be used to protect
3 constitutional, statutory, common law and contractual privileges and rights that may be implicated
4 in producing documents and information, which includes but is not limited to: employment
5 information and personnel records including employee personnel files, payroll records, investigative
6 files, and other private, personal or confidential information and records.

7     2. <u>Restraint and Care in Designating Material for Protection</u>. Each Party agrees to
8 designate for protection only those parts of material, documents, items, or oral or written
9 communications that qualify under appropriate standards of protection. If it comes to a Party's or a
10 non-party's attention that information or items that it designated for protection do not qualify for
11 protection at all, or do not qualify for the level of protection initially asserted, that Party or non-
12 party must promptly notify all other parties that it is withdrawing the mistaken designation.

13     3. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order, or
14 as otherwise stipulated or ordered, material that qualifies for protection under this Order must be
15 clearly so designated before the material is disclosed or produced. Designation in conformity with
16 this Order requires:

17     (a) For information in documentary form (apart from transcripts of depositions
18 or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL"
19 or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" at the top of each page that
20 contains protected material. If only a portion or portions of the material on a page qualifies for
21 protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making
22 appropriate markings in the margins) and must specify, for each portion, the level of protection
23 being asserted (either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'
24 EYES ONLY"). A Party or non-party that makes original documents or materials available for
25 inspection need not designate them for protection until after the inspecting Party has indicated
26 which material it would like copied and produced. As of the date of the inspection, and before the
27 designation, all materials made available for inspection shall be deemed "HIGHLY
28 CONFIDENTIAL – ATTORNEYS' EYES ONLY," and subject to this Protective Order.

4

1 Documents may be copied and produced as of that date under that designation. The Producing
2 Party shall then have seven (7) days to determine which documents, or portions thereof, in fact
3 qualify for protection under this Order, and the level of protection being asserted (either
4 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). The
5 Producing Party shall then affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY
6 CONFIDENTIAL – ATTORNEYS' EYES ONLY") at the top of each page that contains Protected
7 Material, and proceed with production of the materials, as specified below. If only a portion or
8 portions of the material on a page qualifies for protection, the Producing Party also must clearly
9 identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must
10 specify, for each portion, the level of protection being asserted (either "CONFIDENTIAL" or
11 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"). Any documents designated as
12 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall be
13 stamped, copied by the Producing Party and sent to the Receiving Party. Anything not designated
14 within the 7-day period set forth above shall not be considered to be either "CONFIDENTIAL" or
15 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," unless and until the Producing
16 Party proposes to the Receiving Party a later designation.

17       (b)      For testimony given in deposition or in other pretrial or trial proceedings, that
18 the Party or non-party offering or sponsoring the testimony identify on the record, before the close
19 of the deposition, hearing, or other proceeding, all protected testimony, and further specify any
20 portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
21 ONLY." When it is impractical to identify separately each portion of testimony that is entitled to
22 protection, and when it appears that substantial portions of the testimony may qualify for protection,
23 the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before
24 the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific
25 portions of the testimony as to which protection is sought and to specify the level of protection
26 being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES
27 ONLY"). The provisions of this Stipulated Protective Order shall cover only those portions of the
28 testimony that are appropriately designated for protection within the 20 days after the deposition.

1 Transcript pages containing Protected Material must be separately bound by the court reporter, who
2 must affix to the top of each such page the legend "CONFIDENTIAL" or "HIGHLY
3 CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or nonparty offering
4 or sponsoring the witness or presenting the testimony. Notwithstanding this sub-section (b),
5 nothing shall prevent the Court reporter from submitting the transcript in an expedited or regular
6 time frame with the separately bound pages to be submitted at a later date.

(c) For information produced in some physical form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(d) For records or other information produced in an electronic format, either through an e-mail, CD Rom, or transfer to a movable storage device, that the Producing Party shall notify in writing, in the communication documenting the disclosure, which portions of the data qualify as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The Receiving Party shall have the obligation to inform any person who receives the data, including counsel and experts, of the "CONFIDENTIAL" or HIGHLY CONFIDENTIAL –ATTORNEYS' EYES ONLY" designation, and shall take reasonable steps to prevent disclosure of the portions of the data that are so designated to unauthorized persons.

**4. Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" after the material was initially produced, the Receiving Party, on timely notification of the designation, must

make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## V. CHALLENGING CONFIDENTIALITY DESIGNATIONS

**1. Timing of Challenges**. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

**2. Meet and Confer**. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

**3. Judicial Intervention**. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may follow the procedures set forth in Judge Illston's Standing Orders for resolving discovery disputes, and any other applicable rules. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

## VI. ACCESS TO AND USE OF PROTECTED MATERIAL

**1. Basic Principles**. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has

1  been terminated, a Receiving Party must comply with the provisions of Section X, below (FINAL
2  DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a
3  location and in a secure manner that reasonably ensures that access is limited to the persons
4  authorized under this Order.

**2.     Disclosure of "CONFIDENTIAL" Information or Items**.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Court and its personnel;

(b) the author of the document or the original source of the information;

(c) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Attachment A);

(d) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Attachment A); and

(e) court reporters, their staff, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Attachment A);

(f) witnesses in the action to whom disclosure is reasonably necessary, and their counsel, as defined in Section II ("Definitions") above, provided that each such witness and counsel has signed the "Agreement to Be Bound by Protective Order" (Attachment A).

Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be handled as set forth in Section IV.3(b) above.

3. **Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items**.

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a)  the Receiving Party's Counsel (as that term is defined in Section II above);

(b)  the Court and its personnel;

(c)  the author of the document or the original source of the information;

(d)  Experts (as defined in this Order) (1) to whom disclosure is reasonably necessary for this litigation and (2) who have signed the "Agreement to Be Bound by Protective Order" (Attachment A), and

(e)  court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Attachment A).

## VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court

from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**VIII.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Attachment A.

**IX.   FILING PROTECTED MATERIAL**

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.

**X.   FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations,

1  summaries or other forms of reproducing or capturing any of the Protected Material.
2  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings,
3  motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such
4  materials contain Protected Material.  Any such archival copies that contain or constitute Protected
5  Material remain subject to this Protective Order as set forth in Section XI (DURATION), below.

## XI. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## XII. MISCELLANEOUS

**1.  Right to Further Relief**.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

**2.  Right to Assert Other Objections**.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no

Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: April ___, 2007            DENNIS J. HERRERA
                                  City Attorney
                                  ELIZABETH SALVESON
                                  Chief Labor Attorney
                                  MARGARET W. BAUMGARTNER
                                  Deputy City Attorney

                          By: _____
                                  MARGARET W. BAUMGARTNER
                                  Attorneys for Defendant(s)
                                  CITY AND COUNTY OF SAN FRANCISCO

Dated: April ___, 2007            LACKIE & DAMMEIER

                          By: _____
                                  MICHAEL McGILL
                                  Attorneys for Plaintiffs

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

DATED: _____

                                  _____
                                  SUSAN ILLSTON
                                  United States District Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court]**. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____